UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al., | ) ) ) | 1:05-cv-00852-SMS |
| | ) | ORDER GRANTING DEFENDANTS' MOTION |
| Plaintiffs, | ) | FOR LEAVE TO FILE COUNTERCLAIM |
| v. | ) ) | (DOC. 100) |
| CLAUDE E. ATKINS ENTERPRISES, INC., et al., | ) ) | ORDER DIRECTING THE FILING OF, SERVICE OF, AND RESPONSE TO THE |
| | ) | COUNTERCLAIM |
| Defendants. | ) ) ) | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303. Pending before the Court is the motion of Defendant Claude E. Atkins Enterprises, Inc., for leave to file a counterclaim against Plaintiffs Travelers Casualty and Surety Company of America (Travelers) and United States Fidelity & Guaranty Company (USFG), filed on September 21, 2007, including a notice of motion and motion, proposed counterclaim, supporting memorandum, and declaration of William J. Braun. Plaintiffs filed opposition to the motion on October 16, 2007, including a memorandum and declarations of David L. Hughes and Michael Tomeo with attachments. Defendants filed a reply on October 26, 2007, including a memorandum and exhibits.

1

By separate order, the hearing on the motion was vacated, and the matter was submitted to the Court for decision.

I. <u>Motion for Leave to Amend</u>

Fed. R. Civ. P. 13 states in pertinent part:

> (a) **Compulsory Counterclaims**. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.
>
> (b) **Permissive Counterclaims**. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
> ....
>
> (f) **Omitted Counterclaim**. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Rule 15(d) provides in pertinent part as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.... If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Generally, pursuant to Rule 15(a), amendment of pleadings should be liberally allowed, and in determining whether leave to amend should be granted, courts consider factors such as the good faith and diligence of the claimant, the extent of the delay,

2

futility of amendment, and the danger of prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are likewise considered in determining if, pursuant to Rule 13(f), leave should be granted to allow an amendment to allege a counterclaim omitted through oversight, inadvertence, or excusable neglect, or when justice requires. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 n. 10 (1993); Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620 (C.D.Cal. 2003). Generally, although the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, amendment is permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party. Hip Hop Beverage Corp. RIC etc., 220 F.R.D. 614, 620 (C.D.Cal. 2003). Although delay is significant, prejudice to the opposing party is the most important consideration in many decisions denying leave to amend. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

   Here, the action is proceeding on the first amended complaint (FAC) of Plaintiffs, who are the sureties under performance and payment bonds written in connection with Defendants' construction of a physical sciences building for the University of California, and who further are the indemnitees under an indemnity agreement. In the FAC, Plaintiffs sureties/indemnitees sue the indemnitors for breach of express indemnity agreements, specific performance of the indemnity agreements, and for injunctive relief with respect to the

3

indemnity agreements. On the fourth claim, Plaintiffs also sue Defendant Claude E. Atkins Enterprises and Atkins as principal on the bonds for reimbursement of amounts paid on the bonds by the sureties.

Defendants seek to add a counterclaim against the Plaintiffs sureties/indemnitees that is based on the same indemnity agreement that is the basis of the FAC. Defendants seek to add a claim of breach of contract, including a breach of the covenant of good faith and fair dealing involving the sureties' performance of the indemnity agreement. (Claude E. Atkins Enterprises, Inc.'s counterclaim at pp. 10-13.) Defendant Atkins complains of Plaintiffs' failure and refusal to process and negotiate in good faith disagreements regarding the supervision and performance of the building project, failure to execute consents to allow payments to continue to be paid to Defendant Atkins, misrepresentation regarding Plaintiffs' intent to deal with Defendant Atkins' claims against the university and settling disputes concerning the scope of the work and work performed by other builders, paying charges known to be outside the scope of the contract, refusing to negotiate additional compensation from the university, etc.

Plaintiffs argue that the counterclaim is futile. An amendment is futile only if it would clearly be subject to dismissal. <u>Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.</u>, 220 F.R.D. 614, 622-23 (C.D.Cal. 2003). Although courts will determine legal sufficiency using the same standards as applied on a motion pursuant to Fed. R. Civ. P. 12(b)(6), such issues are often more appropriately raised in a

4

1  motion to dismiss rather than in an opposition to a motion for
2  leave to amend. Id. at 623.
3      Plaintiffs argue that the claim is merely defensive matter
4  and that the claims do not factually have a chance to succeed;
5  the Plaintiffs did nothing more than what they were authorized to
6  do under the indemnity agreement. Plaintiffs point out that they
7  had the authority to declare the contractor in default and to
8  settle all claims pursuant to a provision in the indemnity
9  agreement that upon the contractor's being declared in default,
10 the surety was assigned all right, title and interest by the
11 contractor to money payable on the contract, and was authorized
12 to assert, prosecute, compromise, and settle any claims or rights
13 "on such terms as it considers reasonable under the circumstances
14 in its sole and absolute discretion, subject only to the
15 requirement that it act in good faith, which shall be defined as
16 the absence of deliberate or willful malfeasance." (Gen.
17 Agreement Indemnity ¶¶ 8(A), (B).) Although the agreement does
18 not expressly require affirmative performance of particular
19 deeds, it does set a standard of good faith/absence of deliberate
20 or willful malfeasance. Defendant Atkins alleges that the surety
21 acted unreasonably and wilfully and deliberately breached the
22 agreement; further, it breached the covenant of good faith and
23 fair dealing. (Counterclaim ¶ 37, 37(J).) It thus appears that
24 Defendant is not necessarily attempting to rewrite the contract
25 but rather is alleging a breach of its terms.
26     Plaintiffs argue that Defendant is attempting to use the
27 covenant of good faith to create rights that are inconsistent
28 with the express terms of the agreement, citing Carma Developers

5

(Cal.), Inc. v. Marathon Dev. California, Inc., 2 Cal.4th 342, 374 (1992), where it was held that where a contract permitted a lessor to terminate a lease upon a proposed transfer, it was within the reasonable expectations of the parties and could not have been a breach of the covenant of good faith to do so. However, here it appears that Defendant is arguing that the breaches of the indemnity agreements were deliberate and wilful malfeasance and other conduct that was not contemplated by the express terms of the agreement and was also in violation of the implied covenant.

Plaintiffs cite Cates Construction, Inc. v. Talbot Partners, 21 Cal.4th 28, 43-61 (1999), in which it was held in part that tort damages for bad faith were not recoverable for breaches occurring in the context of a construction performance bond; further, recovery for a surety's breach of the implied covenant of good faith and fair dealing was properly limited to those damages within the contemplation of the parties at the time the performance bond was given or reasonably foreseeable by them at that time.

Here, Defendant seeks to allege contract claims and seeks to recover contract damages; Defendant does not seek tort damages. (Counterclaim p. 13.) Accordingly, the Cates case does not render the proposed counterclaim futile.

A counterclaim is compulsory, and thus must be alleged in the action or be lost after its conclusion, if it arises out of the same transaction or occurrence as the plaintiff's claim. Fed. R. Civ. P. 13(a); Hydranautics v. Filmtec Corp., 70 F.3d 533, 536 (9th Cir. 1995). A claim arises out of the same transaction or

occurrence if the issues of fact and law are largely the same for both the claim and counterclaim, the same evidence will support or refute both claims, res judicata would bar a subsequent suit on the defendant's claim, or there is a logical relationship between the claim and counterclaim. FDIC v. Hulsey, 22 F.3d 1472, 1487 (10th Cir. 1994). The Court must determine if the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987). A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. In re Pinkstaff, 974 F.2d 113, 115 (9th Cir.1992). "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Moore v. New York Cotton Exch., 270 U.S. 593, 610 (1926); see Pochiro v. Prudential Ins. Co. of Am.,, 827 F.2d 1246, 1252 (9th Cir.1987) (noting that the term "transaction" should be broadly construed). The stronger the relationship between the counterclaim and the main claim, the better the movant's case for permitting the counterclaim.

    Here, the counterclaim relates to the very indemnity agreement that is the principal subject of the FAC; it is compulsory. It appears that if the proposed counterclaim is not

filed, then Defendant Atkins will suffer the loss of its claim, which it estimates to amount to about twenty million dollars. It is established that the effect of Rule 13(a) is to bar a party who has failed to assert a compulsory counterclaim in one action from instituting a second action in which the counterclaim is the basis of the complaint. <u>Seattle Totems Hockey Club, Inc. v. National Hockey League</u>, 652 F.2d 852, 854-55 (9th Cir. 1981).

 Plaintiffs argue that Defendant unreasonably delayed in seeking leave to allege the counterclaim. It does appear that Defendant delayed about two years after the filing of the answer on September 2, 2005. The pendency of negotiations between Plaintiffs and the university, and the reluctance of Plaintiffs to divulge any information regarding its negotiations and/or settlement with the university, are two factors which provide some justification for the delay; Plaintiffs did not receive a copy of the settlement agreement until July 2007, and it does not appear certain that the agreement has been signed by all parties.

 The Court concludes that with respect to prejudice, Plaintiffs have not shown that substantial prejudice will result. Undue prejudice means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense. <u>Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.</u>, 220 F.R.D. 614, 622 (C.D.Cal. 2003). Where new issues raised are substantially related to the issues already in the suit, and the new claims are similar or the same,

8

then the scope of litigation is not greatly altered. <u>Id.</u>
Requiring a slight adjustment of a discovery plan in light of the addition of proposed counterclaims does not constitute unfair prejudice. <u>Id.</u>

Here, the counterclaim is related; the scope of the litigation is not greatly altered, and the Plaintiffs will not be required to undertake at a late hour an entirely new set of issues.

The dates presently set for this case are discovery deadline, February 22, 2008; pretrial conference, May 6, 2008; trial, June 16, 2008. It is not clear whether a continuance of any of the dates will be required. Should counsel determine that some or all of the scheduled deadlines should be amended, they are directed to coordinate a telephonic conference with the Court by contacting Harriet Herman at (559) 499-5692.

II. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) The motion of Defendant Claude E. Atkins Enterprises, Inc. for leave to file a counterclaim IS GRANTED; and

2) Defendant SHALL FILE the counterclaim no later than fifteen days after the date of service of this order and SHALL PROCEED to serve the counterclaim forthwith; and

3) Plaintiffs ARE DIRECTED to respond to the counterclaim no later than twenty days after service thereof.

IT IS SO ORDERED.

**Dated:   November 14, 2007**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE